Laura E. Rosenbaum, OSB No. 110061
laura.rosenbaum@stoel.com
Alisha L. Kormondy, OSB No. 173916
alisha.kormondy@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

      Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER BLEVINS,<br><br>          Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, an Oregon nonprofit corporation, and KAISER FOUNDATION HOSPITALS, a California nonprofit corporation,<br><br>          Defendants. | (Multnomah County Circuit Court Case No. 18CV16031)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, and 1446** |

**TO:**        **THE CLERK OF THE ABOVE-ENTITLED COURT**

**AND TO:**    **PLAINTIFF JENNIFER BLEVINS:**

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446, Defendants Kaiser Foundation Health Plan of the Northwest ("KFHPNW")  and Kaiser Foundation Hospitals ("KFH") hereby remove to this Court the state court action described below.

   Page 1   -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, and 1446

## INTRODUCTION

1.      On April 24, 2018, an action was commenced against KFHPNW in the Circuit Court of the State of Oregon in the County of Multnomah, entitled *Jennifer Blevins v. Kaiser Foundation Health Plan of the Northwest,* No. 18CV16031. Plaintiff alleges that she was discriminated against because she is a victim of domestic violence and seeks $450,000 in damages.  (*See* Pl.'s Am. Compl.)

2.      According to the Return of Service, the Summons and Complaint was served on Defendant KFHPNW on April 26, 2018.

3.      On May 21, 2018, Plaintiff filed an Amended Complaint adding Defendant KFH under the same action, and KFH was served with the Amended Complaint on May 23, 2018.

4.      This notice of removal is timely under 28 U.S.C. § 1446(b) because it has been filed within 30 days after receipt by Defendant KFH of a copy of the Amended Complaint. Defendants have not yet answered or otherwise responded to Plaintiff's Amended Complaint.

5.      Pursuant to 28 U.S.C. § 1446(a), copies of all of the process, pleadings, and orders received in this action to date are attached as Exhibit 1.  This Notice of Removal is supported by the Declaration of Jessica Almeida ("Almeida Decl.").

## GROUNDS FOR REMOVAL

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  As noted above, the amount in controversy in this matter is $450,000.  There is also complete diversity in this matter between Plaintiff and the properly joined Defendant, KFH. Plaintiff is a citizen of Oregon for purposes of diversity, residing in Clackamas County, Oregon.

(Almeida Decl. ¶ 4*).* Defendant KFH is a citizen of California for purposes of diversity. It is incorporated under the laws of California with its principal place of business in the state of California. (Almeida Decl. ¶ 3)  As shown below, Defendant KFHPNW was fraudulently joined, and its citizenship should be ignored for the purposes of determining diversity in this case. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  As a result, there is complete diversity of the parties pursuant to 28 U.S.C. § 1332.

7.    Plaintiff has fraudulently joined KFHPNW in this action.  "[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."  *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Courts may go beyond the pleadings and consider facts brought forth by a defendant to show that joinder is fraudulent. *McCabe*, 811 F.2d at 1339.

8.    Plaintiff has no reasonable basis for asserting liability against KFHPNW under Oregon law.  Plaintiff brings her claim under Or. Rev. Stat. § 659A.290(2)(b), which states that "[i]t is an unlawful employment practice for an employer to . . . in any manner discriminate or retaliate against an individual with regard to promotion, compensation or other terms, conditions or privileges of employment because the individual is a victim of domestic violence, harassment, sexual assault or stalking."  To prevail on a claim under Or. Rev. Stat. § 659A.290(2)(b), Plaintiff must prove "that (1) she was a victim of sexual assault or stalking; (2) she suffered an adverse employment action; and (3) there exists a causal connection between plaintiff's sexual assault or stalking and the adverse employment action."  *Gillis v. Wal-Mart Stores, Inc.*, No. 03:11-CV-01520-HZ, 2013 WL 1623925, at *14 (D. Or. Apr. 15, 2013).  Here, the adverse employment action Plaintiff alleges is her termination.  (Pl.'s Am. Compl. ¶ 26.)  Only an

97207959.2 0056250- 00102

employer may discharge an employee; therefore, Plaintiff may only bring her claim under Or. Rev. Stat. § 659A.290(2)(b) against her employer. *See McCain v. Kindred Healthcare, Inc.*, No. 6:10-CV-6212-SI, 2011 WL 6130713, at *1 (D. Or. Dec. 7, 2011) (citing *Schram v. Albertson's*, 934 P.2d 483 (Or. Ct. App. 1997)) (noting that only an employer can discharge an employee); *Marshall v. Pollin Hotels II, LLC*, 170 F. Supp. 3d 1290, 1308 (D. Or. 2016) ("Oregon Revised Statutes section 659A.290(2)(b) prohibits discharging an *employee* because the *employee* is a victim of domestic violence, harassment, sexual assault, or stalking." (emphasis added)).

9.    KFHPNW was not Plaintiff's employer.  (Almeida Decl. ¶ 5; *see also* Decl. Exhibit 1, pp. 1-8.)   For employment discrimination claims, "'employer' means any person who . . . engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed."  ORS 659A.001(4).  Because plaintiff may only bring a domestic violence discrimination claim against her employer, she must demonstrate that KFHPNW had the requisite "control" in order to have a basis for a claim against it.  To determine whether a putative employer has the right to control an individual, courts consider:  "(1) any direct evidence of the right to, or the exercise of, control, (2) the method of payment, (3) the furnishing of equipment, and (4) the right to terminate." *Prychyna v. Barrett Bus. Servs., Inc.*, No. CV-11-122-HZ, 2011 WL 4498843, at *7 (D. Or. Sept. 27, 2011) (citing *Cantua v. Creager*, 7 P.3d 693, 700 (Or. Ct. App. 2000)).  Plaintiff makes only the general allegation that she "is a former employee of Defendants'."  (Pl.'s Am. Compl. ¶ 2.) Plaintiff has not and cannot plead that KFHPNW controlled the means by which she performed her work.  Plaintiff was hired by Defendant KFH as an Emergency Department Technician and was supervised by other KFH employees.  (Almeida Decl. ¶¶ 5, 7.)  Throughout her employment, Plaintiff was paid only by KFH.  (Almeida Decl. ¶ 6; *see also* Decl. Exhibit 1,

Page 4    -    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331,
               1441, and 1446

pp. 9-126.)   Furthermore, the relevant decision-maker in Plaintiff's termination was a KFH employee, and only KFH has the right to hire or terminate its own employee Emergency Department Technicians—Defendant KFHPNW has no authority in this regard.  (Almeida Decl. ¶ 8)  Because KFHPNW was not Plaintiff's employer, KFHPNW is not a proper defendant and its citizenship should not be considered for purposes of diversity.

10.     Removal to the United States District Court for the District of Oregon, Portland Division, is proper under 28 U.S.C. § 1441(a) and Local Rule 3-2(a)(1) because the Complaint and the Amended Complaint were filed in the Circuit Court for the County of Multnomah.

11.     Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendant shall promptly serve written notice thereof to Plaintiff, and Defendant shall file copies of the Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah in accordance with 28 U.S.C. § 1446(d).  The Notice of Filing Notice of Removal will be filed in the Circuit Court in the State of Oregon for the County of Multnomah promptly after this Notice of Removal, and a copy will be served on Plaintiff.

12.     By filing this Notice, Defendants do not waive, and expressly reserve, any and all defenses, affirmative defenses, and counterclaims that may be available to them.

WHEREFORE, Defendants remove the above-captioned action now pending against it in the Circuit Court of the State of Oregon for the County of Multnomah to the United States

/ / /

/ / /

/ / /

/ / /

/ / /

 Page 5   -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331,
               1441, and 1446

District Court for the District of Oregon, where it shall proceed as an action originally

commenced there.

DATED:  June 20, 2018.

STOEL RIVES LLP


s/ Laura E. Rosenbaum
LAURA E. ROSENBAUM, OSB No. 110061
laura.rosenbaum@stoel.com
ALISHA L. KORMONDY, OSB No. 173916
alisha.kormondy@stoel.com
Telephone:  503.224.3380

Attorneys for Defendant

97207959.2 0056250- 00102