4/24/2018 5:46 PM
18CV16031

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## IN THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **JENNIFER BLEVINS**, | Case No. |
| Plaintiff, | **COMPLAINT** (Employment Discrimination/ Retaliation) |
| vs. | **CLAIM OVER $10,000; NOT SUBJECT TO MANDATORY ARBITRATION** |
| **KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**, an Oregon nonprofit corporation, | Prayer: $450,000 |
| Defendant. | Filing fee $560 per ORS 21.160(1)(c) |

Plaintiff Jennifer Blevins alleges the following:

1.

Defendant Kaiser Foundation Health Plan of the Northwest ("Defendant") is an Oregon non-profit corporation conducting regular, sustained business activity in Portland, Multnomah County, Oregon.

2.

Plaintiff Jennifer Blevins ("Plaintiff") is a former employee of Defendant.

3.

On or around May 15, 2008, Plaintiff began dating Robert G. Swain ("Swain"). On or around May 15, 2008, Plaintiff went to work for multiple different staffing agencies as a certified nursing assistant.

4.

In June 2011, Swain's drinking and drug use also increased. Swain and Plaintiff had multiple separations and break ups. Swain was increasingly physically violent toward Plaintiff.

PAGE 1 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 1 of 18

5.

In around June 2012, Plaintiff's relationship with Swain had become very strained, and she broke the relationship off. Swain's behavior became erratic and more violent in nature. He started stalking Plaintiff at work. He left threatening messages on her vehicle. He also showed up at Plaintiff's doorstep and tried to force his way in to her house. This continued on through winter 2012.

6.

On or around November 28, 2012, Plaintiff was hired by Kaiser Permanente through Staffing Partners Agency Contract (Per Diem-CNA II / Float Pool). On a single day while at work, Swain called numerous times, threatening Plaintiff, blaming her, and threatening suicide due to their breakup. Plaintiff feared for her safety. At one point, supervisors put Plaintiff into a secure room until the police were able to locate Swain. On this same day, Swain stole Plaintiff's car and led the police on a pursuit, which ended in the destruction of Plaintiff's car and Swain's arrest.

7.

This type of behavior happened on multiple occasions, at Plaintiff's work, at Plaintiff's home, and in public. The police were notified of the incidents on most occasions. Plaintiff was very afraid for her safety and that of her two small children. As the incidents took place during work hours on several occasions, Plaintiff's supervisors and Human Resources were aware of them.

8.

In mid-January, 2013, in one day, Swain called Plaintiff over 78 times, leaving erratic messages ranging from apologetic to threatening. The police were once again notified of these incidents of harassment and threats of domestic violence.

/ / / /

/ / / /

PAGE 2 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 2 of 18

9.

During the following months, Plaintiff met with law enforcement to try and strategize protection ideas for Plaintiff and her children and to try and plan a solution for dealing with Swain and his actions.

10.

Around mid-April, 2013, Swain was arrested for drug possession and sales, weapon charges, and criminal threats against Plaintiff and her children. Swain was charged and sentenced to a period of incarceration.

11.

On or around December 21, 2013, Plaintiff started working in the Emergency Room at Kaiser Permanente. Plaintiff was certified as an emergency room technician.

12.

On or about April 15, 2016, while Plaintiff was on duty in the Emergency Room, a patient was processed for admission. Plaintiff collected the file and gathered the pertinent information for said patient and walked to the front waiting room to call the patient in. As Plaintiff arrived in the waiting room, she looked down at her laptop and called the name out loud, "Robert Swain." As she did this, Plaintiff realized that this was her violent ex-boyfriend. Plaintiff looked up and saw him sitting in the waiting room.

13.

Plaintiff immediately became frightened and turned and told the triage nurse that she could not address or even be near the patient that had just been called. Plaintiff told the nurse of her fear and concern. The nurse immediately took over with the patient, and sent Plaintiff to the back to find a safe place to maintain distance while the patient was present. Plaintiff left her active laptop open in the triage area. Plaintiff worked out of sight of this patient, away from triage, to maintain her safety from Swain. Once Swain left the Emergency Room, Plaintiff was notified by her supervisor that it was safe to return to work and she resumed her normal duties.

PAGE 3 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 3 of 18

1  The following day, after notifying Swain's parole officer of the incident, Plaintiff went the office
2  of her direct supervisor, Jess Alameda, and notified her of the incident, including her access to
3  Swain's medical record for the day in question.  No other comments or concerns were brought
4  up about this incident.  Plaintiff was not disciplined or counseled concerning the incident.

14.

6  On or around November 7, 2016, Plaintiff was notified by Alameda in the Emergency
7  Room that she received notification from Compliance that a meeting was necessary within the
8  next 30 days for an unknown reason. Alameda did not provide any further information regarding
9  the meeting.

15.

11  On or around January 11, 2017, Plaintiff attended the meeting with Compliance as
12  scheduled.  Present in the room was Plaintiff, Devers, a second Union Representative, Sarah
13  Araujo, Alameda, and two Kaiser Permanente Compliance officers, Anya (last name unknown)
14  and a second woman (name unknown).

16.

16  The meeting started out with the Compliance Officers asking Plaintiff directly what her
17  job description/role was while working at Kaiser Permanente – Sunnyside.  Plaintiff responded
18  by describing her role as a CNA-II/ER Technician.  They then asked Plaintiff if she knew all the
19  standard policies, rules and regulations at Kaiser Permanente – Sunnyside. Plaintiff answered
20  them in the affirmative; they proceeded to ask Plaintiff if she knew that she was not to provide
21  care to family and friends. Plaintiff agreed. Plaintiff was then asked if she had ever provided care
22  to anyone that she was related to or knew on a personal level.  At first, Plaintiff responded, "No,"
23  but then described the occasion that Swain had checked into the ER at night and that she
24  unknowingly attempted to process him as a patient in the usual course.
25  / / / /
26  / / / /

PAGE 4 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 4 of 18

17.

Plaintiff indicated what she had done, as referenced above in ¶ 13.

18.

The Compliance Officers in the meeting informed Plaintiff that as a result of the night that Swain visited the ER, Plaintiff was in violation of Kaiser Permanente protocol. They also told Plaintiff during this meeting that Swain had called and brought this incident to Compliance.

19.

The meeting was concluded with Compliance indicating they would further review the case and Plaintiff would be notified of their findings.

20.

On January 20, 2017, Alameda informed Plaintiff that she was being placed on administrative leave and was being investigated for termination.

21.

On February 6, 2017, Plaintiff was scheduled to meet with Human Resources for termination proceedings. In said meeting, Plaintiff was informed that based upon her alleged violation of Kaiser Permanente Protocol, she was being given the opportunity of resignation in lieu of termination, as long as, she promised not to sue for wrongful termination. The second option Plaintiff was given was an involuntary termination with non-recommendation for re-hire placed in her employment file. Plaintiff refused to resign voluntarily and was consequently terminated.

22.

Due to her refusal to resign, Defendant falsely reported to the Oregon State Board of Nursing that Plaintiff violated HIPAA.

/ / / /

/ / / /

/ / / /

PAGE 5 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 5 of 18

23.

Defendant, within the State of Oregon, directly or through an agent, engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed.

**FIRST CLAIM FOR RELIEF**

**(ORS 650A.290 – Unlawful Discrimination against Victim of Domestic Violence)**

24.

Plaintiff re-alleges all relevant paragraphs as if fully stated herein.

25.

Plaintiff is a victim of domestic violence. Plaintiff reported to her supervisors that she was the victim of domestic violence.

26.

Defendant discriminated and retaliated against Plaintiff because she is a victim of domestic violence by suspending and terminating her employment, by falsely reporting to the Oregon Nursing Board that she had violated HIPAA, and by making false and defamatory statements about her. Defendant's actions violated ORS 659A.290, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

27.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay and lost benefits. Plaintiff should be awarded past economic damages in an amount determined fair by a jury to compensate Plaintiff for lost employment opportunities, including, but not limited to, promotions and raises. Plaintiff's economic damages are continuing in nature and are not presently known.

/ / / /

/ / / /

/ / / /

PAGE 6 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 6 of 18

28.

Plaintiff is entitled to compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

29.

To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

30.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert witness fees.

31.

Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendant:

a. A sum which will fully compensate Plaintiff for her non-economic damages in a sum that is just as determined by a jury, but here alleged to not exceed 200,000;

b. A sum which will fully compensate Plaintiff for her economic damages in a sum that is just as determined by a jury, but here alleged to not exceed 250,000;

c. Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

d. Plaintiff's costs and disbursements incurred herein;

e. Plaintiff's attorneys' fees; and

/ / / /

/ / / /

/ / / /

PAGE 7 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 7 of 18

f.   For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: April 24, 2018

**LAW OFFICES OF DANIEL SNYDER**

 /s/ John Burgess
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 8 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 8 of 18

5/1/2018 11:34 AM
18CV16031

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **JENNIFER BLEVINS**,<br><br>Plaintiff,<br><br>vs.<br><br>**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**,<br>Defendant. | Case No. 18CV16031<br><br>**SUMMONS** |

To: **KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**
The Prentice-Hall Corporation System, Inc., Registered Agent
1127 Broadway Street NE, Suite 310
Salem, Oregon 97301

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_/s/ John Burgess_
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

John Burgess                                           106498
ATTORNEY'S/AUTHOR'S NAME              BAR NO.

1000 S.W. Broadway, Suite 2400
ADDRESS

Portland       OR       97205       (503) 241-3617
CITY            STATE    ZIP        PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE       BAR NO.

**********

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

**Law Offices of Daniel Snyder**
**1000 SW Broadway**
**Suite 2400**
**Portland, Oregon 97205**

_/s/ John Burgess_
ATTORNEY FOR PLAINTIFF(S)

Exhibit 1
Page 9 of 18

5/1/2018 11:34 AM
18CV16031

# RETURN OF SERVICE

**State of Oregon**          **County of MULTNOMAH**          **CIRCUIT Court**

Case Number: 18CV16031

Plaintiff:
**JENNIFER BLEVINS**

vs.

Defendant:
**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**

Received by PREFERRED PROCESS SERVERS, LLC. to be served on **KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST c/o THE PRENTICE-HALL CORPORATION SYSTEM INC., REGISTERED AGENT, 1127 BROADWAY STREET NE, SUITE 310, SALEM, OR 97301.**

I, Karlene Gander, do hereby affirm that on the **26th day of April, 2018** at **11:40 am, I:**

Served **KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST c/o THE PRENTICE-HALL CORPORATION SYSTEM INC., REGISTERED AGENT** pursuant to ORCP 7D(3)(b) by delivering a true copy of the **Summons and Complaint** to **SHARON WALLS, SERVICE OF PROCESS TECHNICIAN**, person in charge of the office who is authorized to accept service at **1127 BROADWAY STREET NE, SUITE 310, SALEM, OR 97301.**

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

I also certify that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS, LLC.**
167 High Street S.E.
P.O. Box 846
Salem, OR 97308-0846
(503) 990-6637

Our Job Serial Number: PAT-2018001145

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2f



Exhibit 1
Page 10 of 18

5/21/2018 3:01 PM
18CV16031

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

IN THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **JENNIFER BLEVINS**,<br><br>Plaintiff,<br><br>vs.<br><br>**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**, an Oregon nonprofit corporation, and **KAISER FOUNDATION HOSPITALS**, a California Nonprofit corporation,<br><br>Defendants. | Case No. 18CV16031<br><br>**FIRST AMENDED COMPLAINT**<br>(Employment Discrimination/ Retaliation)<br><br>**CLAIM OVER $10,000; NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>Prayer: $450,000<br><br>Filing fee $560 per ORS 21.160(1)(c) |

Plaintiff Jennifer Blevins alleges the following:

1.

Defendant Kaiser Foundation Health Plan of the Northwest is an Oregon non-profit corporation conducting regular, sustained business activity in Portland, Multnomah County, Oregon. Defendant Kaiser Foundation Hospitals is a California Nonprofit corporation conducting regular, sustained business activity in Portland, Multnomah County, Oregon.

2.

Plaintiff Jennifer Blevins ("Plaintiff") is a former employee of Defendants'.

3.

On or around May 15, 2008, Plaintiff began dating Robert G. Swain ("Swain"). On or around May 15, 2008, Plaintiff went to work for multiple different staffing agencies as a certified nursing assistant.

PAGE 1 – FIRST AMENDED COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 11 of 18

4.

In June 2011, Swain's drinking and drug use also increased. Swain and Plaintiff had multiple separations and break ups. Swain was increasingly physically violent toward Plaintiff.

5.

In around June 2012, Plaintiff's relationship with Swain had become very strained, and she broke the relationship off. Swain's behavior became erratic and more violent in nature. He started stalking Plaintiff at work. He left threatening messages on her vehicle. He also showed up at Plaintiff's doorstep and tried to force his way in to her house. This continued on through winter 2012.

6.

On or around November 28, 2012, Plaintiff was hired by Kaiser Permanente through Staffing Partners Agency Contract (Per Diem-CNA II / Float Pool). On a single day while at work, Swain called numerous times, threatening Plaintiff, blaming her, and threatening suicide due to their breakup. Plaintiff feared for her safety. At one point, supervisors put Plaintiff into a secure room until the police were able to locate Swain. On this same day, Swain stole Plaintiff's car and led the police on a pursuit, which ended in the destruction of Plaintiff's car and Swain's arrest.

7.

This type of behavior happened on multiple occasions, at Plaintiff's work, at Plaintiff's home, and in public. The police were notified of the incidents on most occasions. Plaintiff was very afraid for her safety and that of her two small children. As the incidents took place during work hours on several occasions, Plaintiff's supervisors and Human Resources were aware of them.

8.

In mid-January, 2013, in one day, Swain called Plaintiff over 78 times, leaving erratic messages ranging from apologetic to threatening. The police were once again notified of these

PAGE 2 – FIRST AMENDED COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 12 of 18

incidents of harassment and threats of domestic violence.

9.

During the following months, Plaintiff met with law enforcement to try and strategize protection ideas for Plaintiff and her children and to try and plan a solution for dealing with Swain and his actions.

10.

Around mid-April, 2013, Swain was arrested for drug possession and sales, weapon charges, and criminal threats against Plaintiff and her children. Swain was charged and sentenced to a period of incarceration.

11.

On or around December 21, 2013, Plaintiff started working in the Emergency Room at Kaiser Permanente. Plaintiff was certified as an emergency room technician.

12.

On or about April 15, 2016, while Plaintiff was on duty in the Emergency Room, a patient was processed for admission. Plaintiff collected the file and gathered the pertinent information for said patient and walked to the front waiting room to call the patient in. As Plaintiff arrived in the waiting room, she looked down at her laptop and called the name out loud, "Robert Swain." As she did this, Plaintiff realized that this was her violent ex-boyfriend. Plaintiff looked up and saw him sitting in the waiting room.

13.

Plaintiff immediately became frightened and turned and told the triage nurse that she could not address or even be near the patient that had just been called. Plaintiff told the nurse of her fear and concern. The nurse immediately took over with the patient, and sent Plaintiff to the back to find a safe place to maintain distance while the patient was present. Plaintiff left her active laptop open in the triage area. Plaintiff worked out of sight of this patient, away from triage, to maintain her safety from Swain. Once Swain left the Emergency Room, Plaintiff was

PAGE 3 – FIRST AMENDED COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 13 of 18

1  notified by her supervisor that it was safe to return to work and she resumed her normal duties.
2  The following day, after notifying Swain's parole officer of the incident, Plaintiff went the office
3  of her direct supervisor, Jess Alameda, and notified her of the incident, including her access to
4  Swain's medical record for the day in question.  No other comments or concerns were brought
5  up about this incident.  Plaintiff was not disciplined or counseled concerning the incident.

6                                            14.

7         On or around November 7, 2016, Plaintiff was notified by Alameda in the Emergency
8  Room that she received notification from Compliance that a meeting was necessary within the
9  next 30 days for an unknown reason. Alameda did not provide any further information regarding
10 the meeting.

11                                           15.

12        On or around January 11, 2017, Plaintiff attended the meeting with Compliance as
13 scheduled.  Present in the room was Plaintiff, Devers, a second Union Representative, Sarah
14 Araujo, Alameda, and two Kaiser Permanente Compliance officers, Anya (last name unknown)
15 and a second woman (name unknown).

16                                           16.

17        The meeting started out with the Compliance Officers asking Plaintiff directly what her
18 job description/role was while working at Kaiser Permanente – Sunnyside.  Plaintiff responded
19 by describing her role as a CNA-II/ER Technician.  They then asked Plaintiff if she knew all the
20 standard policies, rules and regulations at Kaiser Permanente – Sunnyside. Plaintiff answered
21 them in the affirmative; they proceeded to ask Plaintiff if she knew that she was not to provide
22 care to family and friends. Plaintiff agreed. Plaintiff was then asked if she had ever provided care
23 to anyone that she was related to or knew on a personal level.  At first, Plaintiff responded, "No,"
24 but then described the occasion that Swain had checked into the ER at night and that she
25 unknowingly attempted to process him as a patient in the usual course.
26 / / / /

PAGE 4 – FIRST AMENDED COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 14 of 18

17.

Plaintiff indicated what she had done, as referenced above in ¶ 13.

18.

The Compliance Officers in the meeting informed Plaintiff that as a result of the night that Swain visited the ER, Plaintiff was in violation of Kaiser Permanente protocol. They also told Plaintiff during this meeting that Swain had called and brought this incident to Compliance.

19.

The meeting was concluded with Compliance indicating they would further review the case and Plaintiff would be notified of their findings.

20.

On January 20, 2017, Alameda informed Plaintiff that she was being placed on administrative leave and was being investigated for termination.

21.

On February 6, 2017, Plaintiff was scheduled to meet with Human Resources for termination proceedings. In said meeting, Plaintiff was informed that based upon her alleged violation of Kaiser Permanente Protocol, she was being given the opportunity of resignation in lieu of termination, as long as, she promised not to sue for wrongful termination. The second option Plaintiff was given was an involuntary termination with non-recommendation for re-hire placed in her employment file. Plaintiff refused to resign voluntarily and was consequently terminated.

22.

Due to her refusal to resign, Defendants falsely reported to the Oregon State Board of Nursing that Plaintiff violated HIPAA.

23.

Defendants, within the State of Oregon, directly or through an agent, engage or use the personal service of one or more employees, reserving the right to control the means by which

PAGE 5 – FIRST AMENDED COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 15 of 18

such service is or will be performed.

**FIRST CLAIM FOR RELIEF**

**(ORS 650A.290 – Unlawful Discrimination against Victim of Domestic Violence)**

24.

Plaintiff re-alleges all relevant paragraphs as if fully stated herein.

25.

Plaintiff is a victim of domestic violence. Plaintiff reported to her supervisors that she was the victim of domestic violence.

26.

Defendants discriminated and retaliated against Plaintiff because she is a victim of domestic violence by suspending and terminating her employment, by falsely reporting to the Oregon Nursing Board that she had violated HIPAA, and by making false and defamatory statements about her. Defendants' actions violated ORS 659A.290, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

27.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay and lost benefits. Plaintiff should be awarded past economic damages in an amount determined fair by a jury to compensate Plaintiff for lost employment opportunities, including, but not limited to, promotions and raises. Plaintiff's economic damages are continuing in nature and are not presently known.

28.

Plaintiff is entitled to compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

29.

To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry

PAGE 6 – FIRST AMENDED COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 16 of 18

of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

30.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert witness fees.

31.

Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendants:

a. A sum which will fully compensate Plaintiff for her non-economic damages in a sum that is just as determined by a jury, but here alleged to not exceed $200,000;

b. A sum which will fully compensate Plaintiff for her economic damages in a sum that is just as determined by a jury, but here alleged to not exceed $250,000;

c. Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

d. Plaintiff's costs and disbursements incurred herein;

e. Plaintiff's attorneys' fees; and

f. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: May 21, 2018

LAW OFFICES OF DANIEL SNYDER

 /s/ John Burgess
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 7 – FIRST AMENDED COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Exhibit 1
Page 17 of 18

5/29/2018 10:42 AM
18CV16031

# RETURN OF SERVICE

**State of Oregon**  **County of MULTNOMAH**  **CIRCUIT Court**

Case Number: 18CV16031

Plaintiff:
**JENNIFER BLEVINS**

vs.

Defendant:
**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST**

Received by PREFERRED PROCESS SERVERS, LLC. to be served on **KAISER FOUNDATION HOSPITALS c/o THE PRENTICE-HALL CORPORATION SYSTEM INC., REGISTERED AGENT, 1127 BROADWAY STREET NE, SUITE 310, SALEM, OR 97301**.

I, Karlene Gander, do hereby affirm that on the **23rd day of May, 2018** at **10:50 am, I**:

Served **KAISER FOUNDATION HOSPITALS c/o THE PRENTICE-HALL CORPORATION SYSTEM INC., REGISTERED AGENT** pursuant to ORCP 7D(3)(b) by delivering a true copy of the **Summons and First Amended Complaint, Complaint** to **SHARON WALLS, SERVICE OF PROCESS TECHNICIAN**, person in charge of the office who is authorized to accept service at **1127 BROADWAY STREET NE, SUITE 310, SALEM, OR 97301**.

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

I also certify that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

_____
**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS, LLC.**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**

Our Job Serial Number: PAT-2018001364

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p



Exhibit 1
Page 18 of 18